ANDREW FREDERICKSON

*vs.*

CENTRAL WHARF TOWBOAT COMPANY.

Sagadahoc.     Opinion June 26, 1906.

*Negligence.    Contributory Negligence.    Assumption of Risk.*

1.  Where the evidence does not show that the thing which caused the injury to the plaintiff was under the management or exclusive control of the defendant corporation, negligence is not to be presumed from the accident itself.

2   The fact that a plaintiff is zealous in the performance of his duty does not excuse him from taking precautions for his own safety.

3.  The owners of a caisson contracted with a towboat company to tow it from the Kennebec River to the Portsmouth Navy Yard, and provided it with a chock at the bow with which to fasten and adjust a hawser for towing, approved by the plaintiff who was an experienced rigger and seaman and who was directed by them to take charge of the tow, *held*, that the owners of the tugs were not responsible for an injury caused by the insufficiency of the appliance, or |the management of that end of the hawser.

4.  The plaintiff by taking charge of the caisson while it was being towed assumed the risks incident to his employment.

5.  It was negligence for the plaintiff to stand unnecessarily within the bight of the line attached to the tow.

6.  It was not negligence for those in charge of the tugs to do what was necessary to regulate the course of the tow in the channel, even if it subjected the appliance to which the hawser was attached to unusual strain; and the captain had a right to exercise his judgment in adopting the method of proceeding with one tug before the other, with the hawser attached to the bow of the caisson.

On motion and exceptions by defendant.     Sustained.

Action on the case to recover damages for personal injuries sustained by the plaintiff by reason of the alleged negligence of the defendant company while towing a caisson from the Kennebec River to the Portsmouth Navy Yard.     The plaintiff had charge of the

caisson and was on board of the same at the time of the injury complained of.

The action was tried at the April term, 1905, of the Supreme Judicial Court, Sagadahoc County. Plea, the general issue. Verdict for plaintiff for $2165.41. Defendant then filed a general motion for a new trial. The defendant also seasonably requested that certain instructions be given to the jury but the presiding Justice declined to give the same and thereupon the defendant excepted.

The case appears in the opinion.

*Frank E. Southard,* for plaintiff.

*Benjamin Thompson,* for defendant.

SITTING:   EMERY, STROUT, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J.   The case is before the Law Court on exceptions and motion by the defendant.

This is an action on the case to recover for personal injuries sustained by the plaintiff while on board and in charge of a caisson which the defendant's steam tugs were towing from the Kennebec River to the Portsmouth Navy Yard. The plaintiff at the time of his injury was in the employ of the Bath Iron Works, and was directed by that company to take charge of the caisson while it was being towed. It was an unwieldy structure about 100 feet long, 50 feet deep and from 8 to 18 feet wide, provided with ballast to keep it upright while afloat and a temporary deck and temporary appliances with which to fasten and adjust the hawser for towing, but no means whereby it could be managed or steered. It had been constructed and prepared for the voyage by the Bath Iron Works and the chock or wooden appliance at the bow through which the hawser ran was fitted to it with the approval of the plaintiff, who was consulted by his employers as an experienced rigger and seaman.

The caisson was towed to the mouth of the Kennebec River by two Bath tugs, but finding it unmanageable when they proceeded into the rougher water beyond they put back and abandoned the attempt. Under these circumstances the defendant company was engaged to tow

the caisson, its duty being to furnish two tugs and a hawser and to do the towing. The defendant had no knowledge of the strength of the appliances on the tow for adjusting the hawser and had nothing to do with the management of that end of the hawser. For this the owners of the tow were responsible. *Pederson* v. *John D. Spreckles Bros. Co.,* 81 Fed. R. 205.

After trying several methods of towing it was found that when proceeding by the side of the caisson the tug was in danger of being crushed, and with one tug ahead and the other attached to the after end of the tow, for the purpose of steering it, the forward tug was obliged either to pay out its hawser continually or back with the danger of fouling its propeller, and both these modes of towing had to be abandoned. The only way to manage the tow without danger of disabling the tugs was by proceeding one tug before the other with the hawser attached at the bow of the caisson. Good progress could be made in this way, but the tow could not be prevented from veering, sometimes turning nearly at right angles with the tugs, and from its character it thus subjected the hawser and the connecting appliances to a great strain. In one of these instances the plaintiff was endeavoring to protect the hawser by means of a board inserted between it and the chock on which it was bearing and was standing in the bight of the hawser formed by the veering of the craft from its course. One of the tugs had cast off and the other was proceeding at half speed owing to their position in the Portsmouth River which they had entered, and at a time when there was less strain upon the chock than that to which it had frequently been subjected when in the rough water outside, it gave way and the plaintiff was swept overboard by the hawser and sustained severe injuries.

The verdict was for the plaintiff for $2165.41. In giving this verdict the jury must have found that the defendant company was negligent either in subjecting the chock to the sudden strain or in adopting the method above described for towing the caisson, but there is nothing in the case to warrant either of these views. Whatever was done by the tug immediately prior to the accident for the purpose of regulating the course of the tow, even if it subjected the

chock to an unusual strain, was admitted by the plaintiff to have been the only thing to do under the circumstances, it being necessary to keep the caisson in the channel ; while in view of the clear explanation given by the captain, and which was not rebutted by any other evidence, there can be no occasion to question his judgment, or at least under the circumstances his undoubted right to exercise his judgment, in adopting the method of towing above described.

It is clear that the accident is attributable to the unwieldy and unusual character of the structure which was being towed, a circumstance for which the defendants are not responsible. The plaintiff, in taking charge of this caisson, assumed the risks incident to his employment. There is also reason for holding that he was guilty of contributory negligence in standing unnecessarily within the bight of the line, the danger of which must have been apparent to him by his experience and knowledge of the conditions. The fact that he was zealous in the performance of his duty did not excuse him from taking precautions for his own safety which were obviously dictated by prudence. In re *Ramsay*, 95 Fed. R. 299; *Nelson* v. *Steam Dredge No 1*, 134 Fed. R. 161; *Nelson* v. *Sanford Mills*, 89 Maine, 219.

There is no essential conflict of evidence. The instructions requested were equivalent to a request that a verdict be directed for the defendant, and for the reasons expressed they should have been given to the jury.

*Exceptions sustained.*
*Motion sustained.*